UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENTE BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00833-JPH-TAB |
| | ) |
| ROBERT CARTER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Kente Barker is a prisoner currently incarcerated at Plainfield Correctional Facility. He filed this civil action alleging that he was improperly placed in segregation when he was confined at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Barker sues Robert Carter, Richard Brown, Frank Vanihel, Mr. Donick, Frank Littlejohn, Travis Davis, Sandy Zimmerman, and R. Vanvleet.

He alleges that when he was on parole, Travis Davis appeared at his home as part of an investigation into trafficking at Wabash Valley. Mr. Davis told Mr. Barker that, because he was on parole, he did not have a Fifth Amendment right to remain silent. Ms. Zimmerman fabricated evidence and created a false disciplinary report against Mr. Barker. Mr. Brown, Mr. Vanihel, Mr. Littlejohn, Mr. Donick, and Mr. VanVleet approved of the false conduct report. Mr. Barker wrote to Mr. Carter informing him that he was charged with an unlawful conduct report and did not receive a response.

Mr. Barker received disciplinary action based on the allegedly false conduct report that resulted in him spending six months in disciplinary segregation. That conduct report was later vacated, but not before the had served his time in disciplinary segregation.[1] Mr. Barker alleges that he had a mental health condition while he was in segregation. He further alleges that he was placed near inmates who threw feces and who would "parachute" his toilet causing it to overflow. He also states, among other things, that he was allowed to shower only every three days, there was no hot

---

[1] Mr. Barker filed a petition for a writ of habeas corpus challenging the disciplinary action taken against him in *Barker v. Brown*, 2:20-cv-205-JPH-MJD. While that petition was pending, Mr. Barker was granted a rehearing by the facility. *See id.* at dkt. 11. A new conduct report was issued against him, and he was again found guilty. This finding was vacated in *Barker v. Vanihel*, 2:21-cv-116-JMS-MG (S.D. Ind. Nov. 30, 2021).

water for showers during the winter, and he experienced constant banging noises and constant light.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

**A. Dismissed Claims**

First, Mr. Barker's claim against Mr. Carter is dismissed because Mr. Barker does not allege that Mr. Carter was personally involved in the alleged violations of his rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). Mr. Barker's allegation that he wrote to Mr. Carter regarding his disciplinary action and did not receive a response is insufficient to raise an inference that Mr. Carter was personally involved in that action. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller ex rel. Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017).

Next, any claim that his properly was improperly seized is dismissed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state

employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (citing *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due")). Because Mr. Barker has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* No. 4:07-cv-107-SEB-WGH, 2008 WL 4371342, *3 (S.D. Ind. 2008).

In addition, Mr. Barker's "class-of-one" equal protection claim is dismissed. To state a class-of-one claim, Mr. Barker must allege that he "was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Engquist v. Oregon Dept. of Agr.,* 553 U.S. 591, 603 (2008). Because Mr. Barker does not make such an allegation, he has not stated a class-of-one claim.

### B. Claims that Will Proceed

The claims which shall proceed are the following.

Mr. Barker's claim that his due process rights under the Fourteenth Amendment and his Eighth Amendment right to adequate conditions of confinement shall proceed against all defendants.

His state law claims for negligence and intentional infliction of emotional distress shall proceed against all defendants.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 17, 2022,** in which to identify those claims.

The **clerk is directed** to terminate Robert Carter as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENTE BARKER
965049
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only
Distribution:

Electronic service to Indiana Department of Correction:
    Richard Brown
    Frank Vanihel
    Mr. Donick
    Frank Littlejohn
    Travis Davis
    Sandy Zimmerman
    R. Vanvleet