UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENTE BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00833-JPH-TAB |
| | ) |
| RICHARD BROWN, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Kente Barker is a prisoner currently incarcerated at Plainfield Correctional Facility ("PCF"). He filed this civil action alleging that he was improperly placed in segregation when he was confined at Wabash Valley Correctional Facility ("WVCF"). The claims currently proceeding are Mr. Barker's claims that his placement in segregation violated his due process rights under the Fourteenth Amendment and his Eighth Amendment right to adequate conditions of confinement. Dkt. 10. Mr. Barker has filed an amended complaint. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Through the amended complaint, Mr. Barker seeks to add C. Pair, Mr. Benefiel, Mr. Aidoo, and Sergeant Brewer as defendants. His allegations are largely the same as the allegations in the original complaint. Specifically, he states that that when he was on parole, Travis Davis appeared at his home as part of an investigation into trafficking at WVCF. Mr. Davis told Mr. Barker that, because he was on parole, he did not have a Fifth Amendment right to remain silent. Ms. Zimmerman unlawfully searched Mr. Barker's home, fabricated evidence, and created a false disciplinary report against him. Mr. Brown, Mr. Vanihel, Mr. Littlejohn, Mr. Donick, and Mr. VanVleet approved of the false conduct report. Mr. Aidoo screened the conduct report, and Sergeant Brewer conducted the hearing. Mr. Barker received disciplinary action based on the allegedly false conduct report that resulted in him spending six months in disciplinary segregation. That conduct report was later vacated, but not before Mr. Barker served his disciplinary segregation time. Mr. Barker later had a rehearing on the disciplinary charges, and defendants Pair and Benefiel violated his due process rights during the rehearing. Mr. Barker also realleges his Fourteenth Amendment class-of-one claim and asserts a retaliation claim against defendant Davis.

### III. Discussion of Claims

Based on its screening of the original complaint, the Court allowed Mr. Barker's Fourteenth Amendment due process and Eighth Amendment conditions-of-confinement claims to proceed based on his allegation that he was kept in segregation for six months. Because Mr. Barker alleges in the amended complaint that defendants C. Pair, Mr. Benefiel, Mr. Aidoo, and Sergeant Brewer also participated in depriving his due process rights during the disciplinary actions, these claims shall now proceed against these defendants as well. In addition, Mr. Barker's unlawful search claim shall proceed against defendant Ms. Zimmerman.

Mr. Barker's equal protection class-of-one claim is **dismissed** for the same reasons the Court dismissed that claim in its initial screening order. To state a class-of-one claim, Mr. Barker must allege that he "was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 603 (2008). Because Mr. Barker does not make such an allegation, he has not stated a class-of-one claim.

In addition, his retaliation claim against Mr. Davis is **dismissed**. Mr. Barker alleges that Mr. Davis contributed to the false disciplinary action against him in retaliation for Mr. Barker's failure cooperate with the investigation. To state a retaliation claim, Mr. Barker must allege "he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). Because refusing to cooperate in an investigation is not a protected First Amendment activity, Mr. Barker has not stated a retaliation claim. *See e.g., Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *8 (N.D.

Ill. May 14, 2003) (prisoner failed to state a retaliation claim related to suspected involvement in, and refusal to cooperate in the investigation of, a loss or theft of an officer's keys).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 27, 2022,** in which to identify those claims.

### IV. Service of Process

Mr. Barker's claims shall proceed as identified in this Order. The **clerk shall add** C. Pair, Mr. Benefiel, Mr. Aidoo, and Sergeant Brewer as defendants on the docket.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to these defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 12/2/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

KENTE BARKER
965049
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

Electronic service to Indiana Department of Correction:

    C. Pair
    Mr. Benefiel
    Mr. Aidoo
    Sergeant Brewer
    (All at Wabash Valley Correctional Facility)